FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 02, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELIA B.,[1] | No. 2:25-CV-00128-MKD |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | **ECF Nos. 8, 14** |
| Defendant. | |

Before the Court are the parties' briefs. ECF Nos. 8, 14. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court reverses the Commissioner's decision and remands the case for additional administrative proceeding pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

On September 18, 2017, Plaintiff applied for Title XVI supplemental security income benefits, alleging a disability onset date of March 12, 2018.  Tr. 85, 237-43.  The application was denied initially and on reconsideration.  Tr. 107-15, 116-22.  Plaintiff appeared before an administrative law judge (ALJ) on December 5, 2019.  Tr. 33-67.  On December 26, 2019, the ALJ denied Plaintiff's claim.  Tr. 13-30.  This Court subsequently remanded the matter on October 8, 2021.  Tr. 604-35.  The ALJ held a second hearing on October 27, 2022.  Tr. 559-76.  On December 5, 2022, the ALJ denied Plaintiff's claim.  Tr. 536-58.  The Appeals Council declined to assume jurisdiction on February 13, 2025.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

ORDER - 2

citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

ORDER - 3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

ORDER - 4

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.

ORDER - 5

20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since September 18, 2107. Tr. 541.

At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine; face disorder of the lumbar spine; depressive disorder; anxiety disorder; and posttraumatic stress disorder. Tr. 541.

ORDER - 6

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 543.

The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> She can perform all postural activities frequently, except she can never climb ladders, ropes, or scaffolds.  She must avoid concentrated exposure to extreme cold, humidity, vibration, respiratory irritants, and all hazards.  She is able to understand, remember, and carry out simple, routine tasks and semi-skilled tasks; she is able to maintain concentration, persistence, and pace for two hour intervals between regularly scheduled breaks throughout an eight-hour workday; she can have simple changes; she can make routine decisions; there should be no fast paced production rate of pace; interaction with the public can occur, but it needs to be limited to superficial.

Tr. 546.

At step four, the ALJ found Plaintiff has no past relevant work.  Tr. 551.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as mail clerk, hand packager, and small products assembler.  Tr. 551-52.

Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, since the date of the application.  Tr. 552.

ORDER - 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly assed the medical opinion evidence;

2.  Whether the ALJ properly assessed Plaintiff's testimony;

3.  Whether the ALJ erred at step two;

4.  Whether the ALJ erred at step three; and

5.  Whether the ALJ erred at step five.

ECF No. 8 at 6.

Because the Court concludes the ALJ erred with respect to the first issue, as discussed below, and because the ALJ's error with respect to this issue impacted the other steps of the ALJ's decision, the Court declines to address Plaintiff's remaining assignments of error.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for further proceedings, we do not reach [plaintiff's] alternative ground for remand.").

**DISCUSSION**

**A. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.

ORDER - 8

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

ORDER - 9

404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

ORDER - 10

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 792. However, the ALJ is not required to make specific findings regarding the relationship factors. *Id.* Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.* Plaintiff argues the ALJ erred by discounting the opinion of Dr. Garges. ECF No. 8 at 9-12.

Dr. Garges conducted a consultative physical examination on January 24, 2018. Tr. 466-474. His report documented several abnormal clinical findings: hesitant and somewhat unsteady gait; palpable cervical and lumbar muscle spasms; strength deficits, particularly in hip extension; restricted straight leg raise testing;

ORDER - 11

difficulty rising from a seated position and mounting and dismounting the examination table; inability to walk on heels and toes; and limited cervical range of motion.  Tr. 471-72.  The doctor opined Plaintiff, among other things, could be "expected to sit for 2 hours during an 8-hour work day, 20 minutes at a time," "expected to stand for 2 hours during an 8-hour work day, 20 minutes at a time," and "expected to walk for 1 hours during an 8-hour work day, 10 minutes at a time."  Tr. 474.  The ALJ found this opinion "not persuasive."  Tr. 549.

In its prior remand order, the Court identified legal deficiencies in the ALJ's evaluation of Dr. Garges' opinion and, relatedly, in her assessment of fibromyalgia under SSR 12-2p.  Tr. 622-29.  The Court directed the ALJ to reconsider Dr. Garges's opinion, conduct a new step-three analysis including Listing 14.09D, and evaluate fibromyalgia pursuant to SSR 12-2p.  Tr. 626-29.  The Court determined that Dr. Garges's limitations had been discounted in part because other examinations reflected relatively benign objective findings, without meaningful engagement with fibromyalgia.  Tr. 626.  The Ninth Circuit has recognized that "mostly normal results" of objective tests are "perfectly consistent with debilitating fibromyalgia."  *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017).  Consequently, an ALJ errs "by effectively requiring objective evidence for a disease that eludes such measurement," *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (simplified); *see id.* at 590 (noting fibromyalgia is "diagnosed

ORDER - 12

entirely on the basis of patients' reports of pain and other symptoms" and that "there are no laboratory tests to confirm the diagnosis"). The Ninth Circuit has therefore instructed that, in the context of fibromyalgia, an ALJ's citation to "normal muscle strength, tone, and stability, as well as a normal range of motion" is "erroneous." *Revels*, 874 F.3d at 666; *see id.* at 663 ("A person with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.") (simplified).

Thus, the Court's remand required meaningful reconsideration of Dr. Garges's opinion consistent with this legal framework. *See* Tr. 626 (explicitly directing ALJ to "reconsider Plaintiff's fibromyalgia and SSR 12-2p"). On remand, however, the ALJ reversed her prior finding and concluded fibromyalgia was not a medically determinable impairment, Tr. 543, after previously finding the impairment severe, Tr. 18. The ALJ then excluded fibromyalgia from further consideration in the residual functional capacity assessment. The Court's remand required the ALJ to meaningfully analyze fibromyalgia in reassessing Dr. Garges's limitations. Eliminating fibromyalgia entirely, without substantively addressing whether its clinical characteristics might explain or contextualize the limitations assessed, undermines the purpose of the remand directive. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (noting deviation from a court's remand order in a

ORDER - 13

subsequent administrative proceeding is itself legal error, subject to reversal on further judicial review).

The ALJ's mischaracterization of Dr. Garges's report compounds the deficiency of the ALJ's assessment of the opinion. The ALJ's decision suggests that Dr. Garges questioned the fibromyalgia diagnosis. *See* Tr. 543 ("Some examiners have doubted the diagnosis. For example, Dr. Garges noted the claimant's allegation she had fibromyalgia caused by childbirth trauma, which he described as 'not a known cause of fibromyalgia[.]'"). The record does not support that interpretation. In his report, Dr. Garges noted Plaintiff's history of fibromyalgia and stated that it was "unlikely" that Plaintiff's fibromyalgia was caused by childbirth. Tr. 469. His comment addressed the condition's etiology, not its diagnosis. When evaluating medical evidence, an ALJ must present a rational and accurate interpretation of that evidence. *See Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998) (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). The ALJ did not do so here. *Cf. Benecke*, 379 F.3d at 594 ("Sheer disbelief is no substitute for substantial evidence."). This mischaracterization materially supported the ALJ's elimination of fibromyalgia as medically determinable. That elimination influenced the ALJ's reassessment of Dr. Garges's opinion. After excluding fibromyalgia, the ALJ again rejected Dr.

ORDER - 14

Garges's limitations as inconsistent with other examinations reflecting normal gait, intact strength, and mild imaging findings.  Tr. 549.  This reasoning mirrors the ALJ's prior analysis that prompted remand.  *Compare* Tr. 24 *with* Tr. 549.  The ALJ substantially repeated the legally unsupported analysis identified in the Court's prior order.  The Court's review of this already-rejected reasoning is therefore precluded by the law of the case doctrine.  *See Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

The Court finds the ALJ erred in two further respects.  First, the ALJ did not adequately address the abnormal findings documented in the consultative examination itself.  The decision does not explain why palpable muscle spasms, strength deficits, restricted straight leg raise testing, and documented difficulty with positional changes would not reasonably support limitations in sitting, standing, and walking.  Instead, the decision moves directly to comparative references to other, less severe examinations.  *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (noting courts "may not affirm simply by isolating a specific quantum of supporting evidence") (simplified).

Second, the ALJ failed to meaningfully analyze the opinion's consistency.  Addressing consistency, the ALJ found that "the opinion is inconsistent with the generally normal physical examination findings the claimant exhibited throughout the record, and the mild to moderate abnormalities on diagnostic imaging."  Tr.

ORDER - 15

549. The regulation requires more than a conclusory statement of inconsistency. *See, e.g.*, *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a clinician's opinion on the ground that it is contrary to unelaborated evidence in the record is "broad and vague," and fails "to specify why the ALJ felt the [clinician's] opinion was flawed."); *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (the Court need not comb the administrative record to find specific conflicts). Further, the ALJ again failed to analyze, as the Court previously directed, "the evidence typically associated with fibromyalgia." Tr. 626. As the Court previously explained, in the context of consistency:

> SSR 12-2p notes that fibromyalgia symptoms can wax and wane, and the symptoms associated with fibromyalgia, such as widespread pain and fatigue, can cause exertional limitations, and fibromyalgia can cause nonexertional limitations, such as postural and environmental limitations. As the analysis lacks any consideration of Plaintiff's fibromyalgia, the ALJ's finding that Dr. Garges's opinion is inconsistent with the objective evidence is not supported by substantial evidence.

Tr. 626-27 (internal citation omitted). That reasoning applies with equal force to the ALJ's second decision.

The ALJ accordingly erred by discounting Dr. Garges's opinion.

ORDER - 16

**B. Scope of Remand**

When the ALJ commits legal error in denying a claim for benefits, as here, the Court "ordinarily must remand to the agency for further proceedings before directing an award of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). The Social Security Act, however, grants district courts flexibility in certain circumstances to reverse the ALJ's decision and remand for an immediate award of benefits rather than further administrative proceedings. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Plaintiff seeks such a remedy. ECF No. 8 at 21.

Remand for an immediate award of benefits is allowed only when three requirements (collectively referred to as the "credit-as-true" rule) are satisfied: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether that evidence is claimant testimony or a medical opinion; (2) there are no outstanding issues that must be resolved before a disability determination can be made, the record is fully developed, and further administrative proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the record as a whole would require the ALJ to find the claimant disabled on remand. *Leon*, 880 F.3d at 1045; *Garrison*, 759 F.3d at 1020. Even if all three requirements are met, the decision whether to remand a case for further proceedings or simply award benefits is in the Court's discretion. *Washington v.*

ORDER - 17

*Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023).  The Court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled."  *Garrison*, 759 F.3d at 1021.

Here, the medical evidence—particularly Dr. Garges's opinion and the ALJ's assessment of fibromyalgia vis-à-vis the opinion—must be reweighed, and this is a function the Court cannot perform in the first instance on appeal.  Further proceedings are thus not only helpful but necessary.  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler*, 775 F.3d at 1099).

On remand, the Commissioner shall assign this matter to a different ALJ. *See, e.g.*, *Foltz v. Astrue*, 2009 WL 210713, at *3 (W.D. Wash. Jan. 28, 2009) (noting remand to a different ALJ may be appropriate where, as here, there is a "clear indication that the ALJ will not apply the appropriate legal standard on remand"); *Ruikka v. Colvin*, 2014 WL 670663, at *12 (E.D. Wash. Feb. 20, 2014) (same); *Alisa S. v. Kijakazi*, 2023 WL 8473836, at *8 (E.D. Wash. Dec. 7, 2023) (directing remand to a different ALJ to "ensure Plaintiff has a fair hearing on remand"); *Paul M. v. O'Malley*, 2024 WL 4275964, at *8 (E.D. Wash. Sept. 24, 2024) (same).

ORDER - 18

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

    1. Plaintiff's Brief, **ECF No. 8**, is **GRANTED**.

    2. Defendant's Brief, **ECF No. 14**, is **DENIED**.

    3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

    The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

    DATED March 2, 2026.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES DISTRICT JUDGE

ORDER - 19